CLAUDE M. STERN (CSB #96737)
HEATHER N. MEWES (CSB #203690)
FENWICK & WEST LLP
Two Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 494-0600
Fax: (650) 494-1417

KENNETH R. KROTT (pending *pro hac vice* admission)
BRENT E. KIDWELL (pending *pro hac vice* admission
BRIAN P. O'DONNELL (pending *pro hac vice* admission)
JENNER & BLOCK LLC
330 North Wabash
Chicago, IL 60611
Tel: (312) 222-9350
Fax: (312) 840-7794

Attorneys for Defendant
SKILLSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IP LEARN, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SKILLSOFT CORPORATION, and DOES 1-10,<br><br>　　　　　Defendants | Civil Action No. C 02-02632 MJJ<br><br>**DEFENDANT SKILLSOFT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 10, 2002<br>Time: 9:30 a.m. |

TO IP LEARN, LLC AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, September 10, 2002, at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 11 of the United States District Court for the Northern District of California, San Francisco Division, located on the 19th floor at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Martin J. Jenkins presiding, defendant SkillSoft Corporation ("SkillSoft"), by and through its attorneys, will and hereby does

move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiff IP Learn, LLC's ("IP Learn") First Amended Complaint in its entirety for failure to state a claim upon which relief can be granted or, in the alternative, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for a more definite statement.

SkillSoft bases its motion on IP Learn's failure to allege even the barest of facts to provide notice of its claims for patent infringement. IP Learn's complaint does not specifically, or even generally, accuse any particular SkillSoft products of infringement or identify which of more than 240 patent claims are being infringed. The complaint, therefore, fails to meet even the simple requirements for pleading patent infringement set forth in the sample patent infringement complaint in Form 16 of the Appendix of Forms to the Federal Rules of Civil Procedure. Moreover, even if IP Learn's complaint is found to somehow meet the liberal notice pleading requirements, its infringement allegations are so vague and ambiguous that SkillSoft cannot reasonably frame a responsive pleading without engaging in an onerous and extraordinarily time consuming comparison of the potentially more than 240 claims of the patents-in-suit against SkillSoft's entire product line.

Assuming that IP Learn engaged in a sufficient investigation prior to filing its complaint, and compared SkillSoft products against the claims of the patents-in-suit, IP Learn should be able to easily identify which SkillSoft products allegedly infringe which claims of IP Learn's patents.[1] SkillSoft is entitled to fair notice of the grounds for IP Learn's claims which, if "fair notice" means anything, must include the identity of the SkillSoft products accused of infringement and identification of which of more than 240 patent claims are allegedly being infringed. Requiring SkillSoft to analyze more than 240 patent claims against all of SkillSoft's products is unnecessarily burdensome and unfair.

---

[1] In the context of patent infringement actions, a sufficient pre-filing investigation requires "that an attorney interpret the pertinent claims of the patent in issue before filing a complaint alleging patent infringement" and that an attorney who files a patent infringement action compare "the accused device with the construed patent claims." *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). If Plaintiff's counsel satisfied these requirements, it should be able to easily provide SkillSoft with the information sought herein.

SKILLSOFT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT  2
Case No. C 02-02632 MJJ

In further support of this Notice of Motion and Motion, SkillSoft submits the accompanying Memorandum of Points and Authorities in Support thereof, and further bases its motion on all pleadings and papers filed in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES

1. Whether IP Learn's amended complaint for infringement of five patents, together having over 240 claims should be dismissed where it does not specifically, or even generally, accuse any particular SkillSoft products of infringement of any particular claim in five different patents, but rather accuses SkillSoft's entire product line?

2. Whether SkillSoft is entitled to a more definite statement of Plaintiff's infringement claims when SkillSoft cannot reasonably frame a responsive pleading to IP Learn's amended complaint for infringement of five patents having over 240 claims that does not specifically, or even generally, accuse any SkillSoft products of infringement of any particular claim or claims in five different patents?

## BACKGROUND

SkillSoft Corporation is a provider of comprehensive, integrated e-learning products delivered via the world wide web or company intranets. Its business skills courseware library of over 1,600 titles covers areas such as finance, leadership, customer service and project management. SkillSoft uses proven architectural and instructional design methodologies to ensure its courses are designed to accelerate the ability of a workforce to master business and technology skills. IP Learn, on information and belief, is a "technology licensing" company. SkillSoft is unaware of any products made, or services offered, by IP Learn.

On May 31, 2002, IP Learn sued SkillSoft for infringement of U.S. Patent No. 6,126,448, U.S. Patent No. 6,118,973, U.S. Patent No. 5,934,909, and U.S. Patent No. 5,779,486. On June 7, 2002, IP Learn amended its complaint to add an additional allegation of infringement of another patent, U.S. Patent No. 6,398,556. SkillSoft was served with IP Learn's amended complaint on July 1, 2002.

# ARGUMENT

## I. IP Learn's First Amended Complaint Fails to Meet Even the Bare Standards of Notice Pleading.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action if the complaint fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires that SkillSoft be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996) *quoting Conley v. Gibson* 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a).

"A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749, F.2d 530, 533-34 (9th Cir. 1984); *see also OKI Elec. Indus. Co., Ltd, v. LG Semicon Co., Ltd.*, 1998 U.S. Dist. LEXIS 22507, *4-5 (N.D. Cal. Feb. 25, 1998). A complaint for patent infringement must set forth at least as much information as is contained in Form 16 of the Appendix of Forms to the Federal Rules of Civil Procedure to withstand Rule 12(b)(6) or Rule 12(e) motions. *See OKI Elec. Indus. Co., Ltd* at *9-10; Fed. R. Civ. P. 84 and Form 16. Because IP Learn has failed to plead sufficient facts in support of its infringement claim, its complaint should be dismissed in its entirety.

IP Learn's First Amended Complaint fails to specifically, or even generally, accuse any particular SkillSoft products of infringement of any of the more than 240 claims in the five patents which have allegedly been infringed. As a result, the complaint fails to satisfy even the liberal notice pleading standard as set forth in sample Form 16. For example, the third paragraph of Form 16 requires that the plaintiff allege that the defendant has been and still is infringing the patent by making, selling and using "electronic motors embodying the patented invention." Fed. R. Civ. P. Form 16. This is a clear requirement that a patent infringement Plaintiff identify, at the very least, the defendant's products which allegedly infringe the Plaintiff's patents. IP Learn's complaint fails even the most basic requirement of Form 16.

In its First Amended Complaint, IP Learn alleges:

On information and belief, Defendant, with full knowledge of IP Learn's rights, is infringing the '448 patent, the '973 patent, the '909 patent, the '486 patent and/or the

SKILLSOFT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT 4
Case No. C 02-02632 MJJ

'556 patent by making, offering for sale, selling, and using the inventions patented in the '448 patent, the '973 patent, the '909 patent, the '486 patent and the '556 patent within the United States and/or importing into the United States *inventions patented in* the '448, the '973 patent, the '909 patent, the '486 patent and/or the '556 patent.

First Amended Complaint at ¶11 (emphasis added). Unlike the allegation "electronic motors embodying the patented invention" in sample Form 16, IP Learn's vague allegation "inventions patented in" the patents-in-suit does not indicate which of SkillSoft products, if any, are being accused of infringement and, as a result, does not provide fair notice of the grounds on which IP Learn basis its complaint. *See Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996) (vague reference to "products and/or kits" fails to provide adequate notice); *see Ondeo Nalco Co. v. EKA Chemicals, Inc.*, 2001 U.S. Dist. LEXIS 24217, *4-5 (D. Del. Aug. 10, 2001) (vague reference to plaintiff-counterclaimant's "products" does not satisfy Rule 8(a)).[2]

The case law confirms that IP Learn is required to identify the allegedly infringing SkillSoft product in its complaint. In *Gen-Probe*, for example, defendant Amoco moved to dismiss plaintiff Gen-Probe's patent infringement claims for failure to state a claim upon which relief may be granted. *See Gen-Probe, Inc.*, 926 F. Supp. at 960-962. The court dismissed most of Gen-Probes' claims, instructing Gen-Probe to revise its complaint as follows:

> The supporting allegations must provide the basis for the claims, keeping in mind Rule 11's requirement of an inquiry reasonable under the circumstances. Filing a patent infringement action pointing vaguely to "products and/or kits" (P 58 and 65) does not provide adequate notice as required by the Rules, and does not reflect the reasonably inquiry required under the Rules.

*Id*. at 962. IP Learn's allegations are as deficient as those dismissed in *Gen-Probe*.

Similarly, in *Ondeo Nalco*, defendant EKA filed a patent infringement counterclaim that plaintiff Nalco moved to dismiss pursuant to Rule 12(b)(6) for failure to provide fair notice. *See Ondeo Nalco Co.*, 2001 U.S. Dist. LEXIS 24217 at *2-3. Specifically, Nalco asserted that EKA's

---

2. By contrast, in cases in this district denying Rule 12(b)(6) motions to dismiss for failure to specify particular facts in support an infringement claim, the non-movants identified the defendant's accused products with much greater specificity than IP Learn. *See, e.g., OKI Elec. Indus. Co.*, 1998 U.S. Dist. LEXIS 22507 at *9-11 (reference to "devices that embody the patented methods, including 4 megabit and higher density DRAMs" satisfies Rule 8(a)); *see also Dome Patent, L.P. v. Permeable Tech., Inc.*, (W.D. N.Y. 1999) (reference to "silicone-acrylate contact lenses embodying oxygen-permeable cross-linkers" sets forth as much information as Federal Form 16 and is sufficient to withstand Rule 12(b)(6) or Rule 12(e) motions).

FENWICK & WEST LLP
ATTORNEYS AT LAW
PALO ALTO

counterclaim "insufficiently identif[ied] which products are accused of infringement" where it alleged infringing products as "Nalco's products, including the 8692 product" that are "used in the paper-making process." *Id*. at *2-3, *3 n. 2. The Court granted Nalco's motion and dismissed the counterclaim. *Id*. at *1.

IP Learn's allegation "inventions patent in" the patents-in-suit is even more vague than the "products and/or kits" or "Nalco's products, including the 8692 product," allegations which were found to be insufficient in *Gen-Probe* and *Ondeo Nalco*. IP Learn's complaint does not satisfy the pleading requirements of either Rule 8(a) or Form 16, and thus should be dismissed.

## II. IP Learn's Amended Complaint For Infringement Is So Vague That SkillSoft Cannot Reasonably Frame A Responsive Pleading.

Federal Rule of Civil Procedure 12(e) provides that "if a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). SkillSoft cannot reasonably be required to frame a responsive pleading to IP Learn's amended complaint for infringement of five patents – having over 240 claims – that does not specifically accuse any SkillSoft products of infringement or identify specifically which claims are allegedly infringed. Instead IP Learn's complaint insufficiently accuses SkillSoft's entire product line of infringing the entirety of the five patents-in-suit having more than 240 claims among them. *See In re Papst Licensing GmbH Patent Litigation*, 2001 U.S. Dist. LEXIS 2255, *3-4 (E.D. La. Feb. 22, 2001). Thus, as an alternative to its motion to dismiss, SkillSoft requests that, at the very least, this Court order IP Learn to provide a more definite statement of its claims against SkillSoft pursuant to Rule 12(e) before SkillSoft is required to respond to IP Learn's First Amended Complaint.

In *Papst*, plaintiff Papst filed a complaint for patent infringement against defendant IBM alleging that IBM sold "products that embody the elements of at least one claim" of twenty patents identified in the complaint. *Id*. at *2. IBM moved for a more definite statement under Rule 12(e) arguing that to respond to plaintiff Papst's complaint for patent infringement would require it to compare 503 patent claims against IBM's numerous hard disk drives. *Id*. at *2-4. Papst countered

SKILLSOFT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT 6
Case No. C 02-02632 MJJ

that its complaint complied with the sample patent infringement complaint provided in Federal Form 16. *Id*. The court rejected Papst's argument and granted the motion stating:

> It is apparent, however, that the number of patents and products in the case before me are far greater than those contemplated in the sample complaint, which would justify a request for greater specificity.

*Id*.[3] Similarly, IP Learn's failure to identify which of the more than 240 claims in the five patents at issue are being infringed by SkillSoft, or to identify which of SkillSoft's products allegedly infringe this morass of claims, justifies granting SkillSoft's motion requiring IP Learn to prepare a more definite statement of its patent infringement claims against SkillSoft. SkillSoft should not be put to the burden of analyzing literally hundreds of claims that may or may not even be at issue against many products that may also not be at issue in order to respond to the First Amended Complaint.[4]

## CONCLUSION

For all the reasons set forth herein, SkillSoft respectfully requests that the Court dismiss IP Learn's First Amended Complaint in its entirety or, in the alternative, grant SkillSoft's motion

/ / /

/ / /

/ / /

---

[3]. By contrast, in cases in this district denying Rule 12(e) motions for more definite statement, the non-movants identified the defendant's accused products with much greater specificity than IP Learn. *See, e.g., Intel Corp. v. Hyundai Elec. America, Inc.*, 1987 U.S. Dist. LEXIS 14727 (N.D. Cal. Nov. 23, 1987) (reference to "semiconductor memory products, specifically Erasable Programmable Read Only Memories (EPROMs), and products that incorporate EPROMs" sufficient to withstand Rule 12(e) challenge).

[4]. SkillSoft is cognizant of this Court's Patent Local Rules requiring disclosure of asserted claims and infringement contentions. However, those disclosures are due 10 days after the October 8, 2002 Initial Case Management Conference, substantially after SkillSoft is required to file its responsive pleading.

SKILLSOFT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT 7
Case No. C 02-02632 MJJ

FENWICK & WEST LLP
ATTORNEYS AT LAW
PALO ALTO

for more definite statement and require IP Learn to specify which SkillSoft products allegedly infringe which claims of the patents-in-suit.

Dated: July 22, 2002                                FENWICK & WEST LLP

                                                    By:    s/Claude M. Stern

                                                    Attorneys for Defendant
                                                    SKILLSOFT CORPORATION

## LOCAL RULE 3-16 CERTIFICATION

Pursuant to Civil L. R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

[1] SmartForce, Inc.

[2] Warburg, Pincus Ventures L.L.P.

Dated: July 22, 2002                                FENWICK & WEST LLP

                                                    By:    s/Claude M. Stern

                                                    Attorneys for Defendant
                                                    SKILLSOFT CORPORATION