```
COOLEY GODWARD LLP
THOMAS J. FRIEL, JR. (80065)
BRANDON BAUM (121318)
ANDREW KUMAMOTO (178541)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:   (650) 843-5000
Facsimile:    (650) 857-0663
```

Attorneys for
Plaintiff IP LEARN, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IP LEARN, LLC,<br><br>　　Plaintiff and Counterdefendant,<br><br>　　v.<br><br>SKILLSOFT CORPORATION, and DOES 1-10,<br><br>　　Defendant and Counterclaimant.<br><br>AND RELATED COUNTERCLAIMS. | No. C 02-02632 MJJ<br><br>**PLAINTIFF IP LEARN, LLC'S OPPOSITION TO DEFENDANT SKILLSOFT CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Date:　　September 10, 2002<br>Time:　　9:30 a.m.<br>Room:　　Courtroom 11<br>Judge:　　Honorable Martin J. Jenkins |

## I. INTRODUCTION

IP Learn, LLC's ("IP Learn") first amended complaint provides notice to Skillsoft Corporation ("Skillsoft") that it infringes the patents-in-suit by making, using, offering to sell and selling the inventions claimed in those patents. Under the Federal Rules of Civil Procedure and the Northern District of California's Patent Local Rules, the details underlying those allegations will be fleshed out during discovery.

Skillsoft has asked this Court to force IP Learn to do more. Skillsoft's motion seeks to require IP Learn to plead in the first amended complaint the identity of the asserted claims of each patent, and the specific Skillsoft products that IP Learn alleges infringe each of said claims. Such

614844 v3/PA
d6f003!.DOC

1.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT
(CASE NO. C 02-02632 MJJ)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

specificity, however, runs contrary to the requirement of Rule 8 that a complaint set forth "a short and plain statement of the claim" that will give the defendant fair notice of the plaintiff's claim. Moreover, to require such specificity at the pleading stage would overrule the Patent Local Rules' specific requirement that such information be provided during discovery, and not in the initial pleading. For these reasons, the Court should deny the motion and allow the case to proceed.

## II. STATEMENT OF FACTS

IP Learn filed a complaint for patent infringement against Skillsoft on May 31, 2002. A week later on June 7, 2002, IP Learn filed a first amended complaint for patent infringement against Skillsoft adding a newly issued patent to the lawsuit.

IP Learn's first amended complaint alleges patent infringement against Skillsoft as follows:

> 11. On information and belief, Defendant, with full knowledge of IP Learn's rights, is infringing the '448 patent, the '973 patent, the '909 patent, the '486 patent, and/or the '556 patent by making, offering for sale, selling, and using the inventions patented in the '448 patent, the '973 patent, the '909 patent, the '486 patent, and the '556 patent within the United States and/or importing into the United States inventions patented in the '448 patent, the '973 patent, the '909 patent, the '486 patent, and/or the '556 patent.
>
> 12. On information and belief, Defendant, with full knowledge of IP Learn's rights, is inducing the infringement of, or contributorily infringing, the '448 patent, the '973 patent, the '909 patent, the '486 patent, and/or the '556 patent, by inducing others to make, sell, and/or use those inventions in the United States, or by contributing to the infringement by others of the '448 patent, the '973 patent, the '909 patent, the '486 patent, and/or the '556 patent.

*See* Kumamoto Decl., Ex. 1.

The patents-in-suit were identified in the first amended complaint as follows:

> 6. United States Patent No. 6,126,448 ("the '448 patent") entitled "***Computer-aided learning methods and apparatus for a job***," was duly and legally issued on October 3, 2000, and was assigned to and is owned by IP Learn.
>
> 7. United States Patent No. 6,118,973 ("the '973 patent") entitled "***Methods and apparatus to assess and enhance a student's understanding in a subject***," was duly and legally issued on September 12, 2000, and was assigned to and is owned by IP Learn.
>
> 8. United States Patent No. 5,934,909 ("the '909 patent") entitled "***Methods and apparatus to assess and enhance a student's***

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

614844 v3/PA
d6f003!.DOC

2.

PLAINTIFF'S OPPOSITION TO MOTION TO
DISMISS FIRST AMENDED COMPLAINT
(CASE NO. C 02-02632 MJJ)

*understanding in a subject*," was duly and legally issued on August 10, 1999, and was assigned to and is owned by IP Learn.

9. United States Patent No. 5,779,486 ("the '486 patent") entitled "***Methods and apparatus to assess and enhance a student's understanding in a subject***," was duly and legally issued on July 14, 1998, and was assigned to and is owned by IP Learn.

10. United States Patent No. 6,398,556 ("the '556 patent") entitled "***Inexpensive computer-aided learning methods and apparatus for learners***," was duly and legally issued on June 4, 2002, and was assigned to and is owned by IP Learn.

*Id*. [emphasis added].

### III. ARGUMENT

IP Learn's first amended complaint provides sufficient detail to put Skillsoft on notice of IP Learn's claims for relief. Skillsoft requests that this court dismiss IP Learn's first amended complaint or in the alternative order IP Learn to make a more definite statement that would allege infringement with the level of detail required by the Northern District's discovery rules. Notice pleading, however, does not require an allegation of infringement that asserts infringement on a claim-by-claim and product-by-product basis.

#### A. IP Learn Has Met Its Obligations Under Rule 8(a).

Rule 8 establishes the general pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has stated that "the Rule mean[s] what it sa[ys]." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). As the Supreme Court explained: "[Under] the liberal system of 'notice pleading' set up by the Federal Rules[,] Rule 8(a)(2) . . . do[es] not require a claimant to set out in detail the facts upon which he bases his claim." *Id*. (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

IP Learn's first amended complaint complies with Rule 8. It provides notice of the claim (patent infringement), the bases therefor (5 patents) and the relief sought (damages and injunction). To the extent that Form 16 of the Appendix of Forms to the Federal Rules of Civil Procedure provides any guidance (Form 16 was last amended in 1963 and represents, at best, an anachronistic

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

614844 v3/PA
d6f003!.DOC

3.

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT (CASE NO. C 02-02632 MJJ)**

1  style of pleading), IP Learn's first amended complaint is consistent with Form 16. *See Oki Elec.*
2  *Industry Co., Ltd v. LG Semiconco, Ltd*, 1998 U.S.Dist. LEXIS 22507, *9-12 (N.D. Cal. 1998)
3  ("'devices that embody the patented methods' from Oki's allegation" exemplifies the simplicity
4  and brevity of statement that the Rules contemplate); *Berry v. Hitachi Home Electronics, Inc.*, 157
5  F.R.D. 477, 480 (C.D. Cal. 1993) ("devices embodying the invention of the [patent-in-suit]"
6  satisfies the Rule 8 standard).

7      Skillsoft asks the Court to "require IP Learn to specify which Skillsoft products allegedly
8  infringe the claims of the patents-in-suit." The request is premature. Under the Patent Local
9  Rules, IP Learn will be obligated to provide the very information that Skillsoft seeks: a
10 specification of each claim of each patent allegedly infringed (Patent Local Rule 3-1(a)); and an
11 identification of each Accused Instrumentality (Patent Local Rule 3-1(b)). It is therefore axiomatic
12 that Rule 8 does not require that this information be disclosed at the pleading stage, or otherwise
13 the Patent Local Rules would be surplusage. It was on this ground that Judge Williams rejected
14 such a request in *Oki*, ruling that the initial disclosure obligations imposed by the Patent Local
15 Rules "recognizes that notice pleading does not require such specificity" and that discovery
16 disclosures are the proper context for such detailed information[1]. *Id*. at *10-11. Thus, under *Oki*
17 product-by-product allegations are not required.

18     Skillsoft also complains that the patents-in-suit contain "more than 240 claims" and that IP
19 Learn should allege infringement in its first amended complaint claim-by-claim. This is not the
20 law. The cases cited in Skillsoft's motion expressly recognize that "[t]he Federal Rules do not
21 require that the plaintiff plead with particularity the specific patent claims that have been
22 infringed." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp. 948, 960 (S.D. Cal. 1996)[2]; *Oki*,
23 1998 U.S.Dist. LEXIS 22507, *9-12. Therefore, the relief requested by Skillsoft is not warranted.

24     IP Learn's first amended complaint provides a clear and concise allegation of patent

---

[1] The *Oki* case discusses the Initial Disclosure of Asserted Claims under former Civil Local Rule 16-7, which has been replaced by the initial disclosures of Patent Local Rule 3-1.

[2] In *Gen-Probe*, the complaint was found to be defective because it alleged in a single sentence three different causes of action on two patents against each of five defendants. The Court found that this complaint was improper because it did not adequately parse out the claims on a *defendant-by-defendant* basis.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

614844 v3/PA
d6f003!.DOC

4.

**PLAINTIFF'S OPPOSITION TO MOTION TO
DISMISS FIRST AMENDED COMPLAINT
(CASE NO. C 02-02632 MJJ)**

1  infringement that provides to Skillsoft sufficient notice of IP Learn's claim for relief to answer.
2  Discovery conducted under the Patent Local Rules is specifically intended to address Skillsoft's
3  concerns. Therefore, the motion to dismiss must be denied.

4      **B.    A More Definite Statement is Not Required.**

5      Courts rarely grant motions for a more definite statement. *Margarita Cellars v.
6  Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *Intel Corp. v. Hyundai
7  ElectronicsAmerica, Inc.*, 5 USPQ2d 1608, 1612, 1987 U.S.Dist. LEXIS 14727, *3 (N.D. Cal.
8  1987). "Generally, the Court will require a more definite statement only when the pleading is so
9  vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good
10 faith or without prejudice to himself." *Id*.

11     As recited above, IP Learn's first amended complaint provides a concise and clear
12 allegation of patent infringement consistent with the Federal Rules. Skillsoft will have no problem
13 in answering these allegations. Skillsoft claims that in order to answer it must know which of its
14 products are accused of infringement and which claims of the patents-in-suit are being asserted.
15 As recited above, the notice pleading standard of the Federal Rules does not require this level of
16 detail. *See Oki*, 1998 U.S.Dist. LEXIS 22507, *9-12; *Intel*, 5 USPQ2d at 1612, 1987 U.S.Dist.
17 LEXIS 14727 at *5. Pursuant to its discovery obligations, IP Learn will provide this information
18 to Skillsoft in IP Learn's initial disclosures at the time required by the Patent Local Rules[3]. *Id*.

19 **IV.    CONCLUSION**

20     For all these reasons, IP Learn respectfully requests that this Court deny Skillsoft's motion
21 for dismissal of the first amended complaint under Rule 12(b)(6) and Skillsoft's alternative request
22 for a more definite statement under Rule 12(e).

23 Dated: August 20, 2002        COOLEY GODWARD LLP

24                                 By:       s/Andrew A. Kumamoto
                                          Andrew A. Kumamoto
25                                Attorneys for Plaintiff IP LEARN, LLC

---

[3] For this reason, *In re Pabst Licensing GmbH Patent Litigation*, 2001 U.S.Dist. LEXIS 2255 (E.D. La. 2001) is inapposite. The Eastern District of Louisiana does not have an analogue to the Northern District of California's Patent Local Rules. (see http://www.laed.uscourts.gov/cgi-bin/all_lr.pl )

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

614844 v3/PA
d6f003!.DOC

PLAINTIFF'S OPPOSITION TO MOTION TO
DISMISS FIRST AMENDED COMPLAINT
(CASE NO. C 02-02632 MJJ)

5.