CLAUDE M. STERN (CSB #96737)
HEATHER N. MEWES (CSB #203690)
FENWICK & WEST LLP
Two Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 494-0600
Fax: (650) 494-1417

KENNETH R. KROTT (admitted *pro hac vice*)
BRENT E. KIDWELL (admitted *pro hac vice*)
BRIAN P. O'DONNELL (admitted *pro hac vice*)
JENNER & BLOCK LLC
330 North Wabash
Chicago, IL 60611
Tel: (312) 222-9350
Fax: (312) 840-7794

Attorneys for Defendant
SKILLSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IP LEARN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SKILLSOFT CORPORATION, and DOES 1-10,<br>Defendants | Civil Action No. C-02-02632 MJJ<br><br>**DEFENDANT SKILLSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Date: September 10, 2002<br>Time: 9:30 a.m.<br>Room: Courtroom 11<br>Judge: Hon. Martin J. Jenkins |

**I. Introduction**

SkillSoft has moved this Court for an order dismissing IP Learn's first amended complaint or, in the alternative, to require IP Learn to provide a more definite statement of its claims. IP Learn's arguments in opposition to SkillSoft's motion do not overcome the inescapable fact that it has not complied with Rule 8(a) because it has failed to identify which SkillSoft products, software, processes, devices, methods, apparatus or instrumentalities (collectively, the

DEFENDANT SKILLSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
Case No. C-02-02632 MJJ

1  "Products") are allegedly infringing which claims of IP Learn's patents. IP Learn's complaint is
2  so vague and ambiguous that SkillSoft cannot reasonably be required to frame a responsive
3  pleading because to do so would require SkillSoft to engage in an extraordinarily burdensome and
4  ultimately wasteful comparison of the more than 240 claims of the patents-in-suit against the
5  many SkillSoft Products rather than the more limited number that IP learn actually expects to put
6  at issue.[1] The Court should dismiss IP Learn's complaint or, alternatively, order IP Learn to
7  prepare a more definite statement of which SkillSoft Products allegedly infringe which claims of
8  IP Learn's patents.

## II. Argument

### A. IP Learn Has Failed To Comply With Rule 8(a).

The Federal Rules of Civil Procedure require IP Learn to provide in its complaint a "short and plain statement of the claim" showing IP Learn is entitled to relief. Fed. R. Civ. P. 8(a). Pointing to *Leatherman v. Tarrant* and *Conley v. Gibson*, IP Learn argues that its complaint need not provide any detail regarding the claims upon which its complaint is based.[2] *See* PLAINTIFF IP LEARN LLC'S OPPOSITION TO DEFENDANT SKILLSOFT CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT at 3 (hereinafter "Opp. at __"). But *Leatherman* and *Conley* actually require that the complaint "give

---

[1] IP Learn should have this analysis in its possession if it complied with its Rule 11 obligations. In order to satisfy Rule 11, IP Learn must have determined that at least one of the claims in each of the five patents-in-suit are infringed. To do that, IP Learn had to construe the claims of its asserted patents and apply the claims to SkillSoft Products. *See, e.g., Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002).

[2] Apparently attempting to demonstrate that it has met the liberal pleading requirements under the Rules, IP Learn identifies its patents-in-suit with "emphasis added" to the patent titles as if the titles of its asserted patents have something more than administrative significance or somehow inform SkillSoft of IP Learn's infringement allegations. They do not. *See, e.g., Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1312 (Fed. Cir. 1999) ("the purpose of [a patent] title is not to demarcate the precise boundaries of the claimed invention but rather to provide a useful reference tool for future classification purposes" and further referring to the "near irrelevancy of the patent title on claim construction"); *see also* MANUAL OF PATENT EXAMINING PROCEDURE § 606.01 (Aug. 2001) (referring to a patent title's "informative value in indexing, classifying, searching, etc.").

DEFENDANT SKILLSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
Case No. C-02-02632 MJJ

2

FENWICK & WEST LLP
ATTORNEYS AT LAW
PALO ALTO

the defendant *fair* notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993), *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) (emphasis added). IP Learn's attempt to identify the allegedly infringing SkillSoft Products by the ambiguous phrase "making, offering for sale, selling, and using the inventions patented in" IP Learn's patents fails to provide SkillSoft with fair notice of IP Learn's infringement claims sufficient to require SkillSoft to make a meaningful response. Thus, the present complaint does not meet the requirements of Rule 8(a).

SkillSoft pointed out in its motion that the insufficiency of IP Learn's first amended complaint is clear when the allegations in that complaint are compared with the model patent infringement allegations in Form 16 of the Federal Rules of Civil Procedure. Form 16 plainly requires the plaintiff to identify an infringing product or device. By contrast, IP Learn's complaint does not accuse, generally or specifically by name, any SkillSoft Products of infringement. Rather, it simply identifies the allegedly infringing SkillSoft Products as "inventions patented in" IP Learn's patents. By failing to identify in any way infringing SkillSoft Products, IP Learn's complaint fails to meet even the most minimal requirements exemplified by Form 16.

IP Learn argues that it need not comply with Form 16 because the form is too old, calling the form "at best, an anachronistic style of pleading." (Opp. at 3-4.) By that same logic, Rule 8, last substantively amended in 1966, and the landmark case of *Conley v. Gibson*, decided in 1957, both of which IP Learn rely on, are also anachronistic law. But recent case law reaffirms that the mere passage of time does not amend or make obsolete the Forms contained in the Federal Rules of Civil Procedure. *See, e.g., Dome Patent L.P. v. Permeable Tech., Inc.*, 190 F.R.D. 88, 90 (W.D.N.Y. 1999) ("a complaint that sets forth at least as much information as the complaint in Form 16 is therefore sufficient to withstand a motion to dismiss under Rule 12(b)(6) or a motion for a more definite statement under Rule 12(e)").

IP Learn alternatively argues that its first amended complaint satisfies Form 16 and cites *Oki* and *Beery* as support for its argument. (Opp. at 3-4); *see Oki Elec. Industry Co., Ltd. v. LG*

DEFENDANT SKILLSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
Case No. C-02-02632 MJJ

3

1  *Semicon Co., Ltd.*, 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. 1998); *Beery v. Hitachi Home
2  Electronics, Inc.*, 157 F.R.D. 477 (C.D. Cal. 1993). A careful reading of *Oki* and *Berry*, however,
3  demonstrates that these cases support the opposite conclusion. In *Oki*, the accused products were
4  <u>not</u> alleged as "devices that embody the patented methods," but rather "devices that embody the
5  patented methods, *including 4 megabit and higher density DRAMs*." *Oki*, 1998 U.S. Dist. LEXIS
6  22507, *9 (emphasis added). The latter allegation, far more specific than IP Learn's vague
7  "inventions patented in," satisfied Rule 8(a). In *Beery*, the defendants filed an answer on the
8  same day they filed their motion for more definite statement. Not surprisingly, the court found
9  that "since the Moving Defendants have already filed a responsive pleading, they cannot now
10 claim that the complaint is so 'vague and ambiguous' that they cannot reasonably be required to
11 frame a responsive pleading." *Beery*, 157 F.R.D. at 480. In this case, SkillSoft has yet to file a
12 responsive pleading.

13 Moreover, IP Learn does not even attempt to distinguish the *Ondeo Nalco* and *Dome
14 Patent* cases cited in SkillSoft's motion. In *Dome Patent*, the court held that alleging accused
15 products as "silicone-acrylate contact lenses embodying oxygen-permeable cross-linkers" set
16 forth as much information as Form 16 and was, therefore, sufficient to withstand Rule 12(b)(6)
17 and 12(e) motions. *Dome Patent*, 190 F.R.D. at 91. The *Ondeo Nalco* court held that the
18 allegation "Nalco's products, including the 8692 product" used in the paper-making process
19 "insufficiently identify[ied] which products are accused of infringement." *Ondeo Nalco Co. v.
20 EKA Chemicals, Inc.*, 2001 U.S. Dist. LEXIS 24217, *2-5 (D. Del. 2001). By contrast, IP
21 Learn's allegation "inventions patented in" is far less specific than the allegation found to be
22 insufficient in *Ondeo Nalco* and not even close to the specificity with which the accused products
23 were sufficiently alleged in *Dome Patent*.

24 Furthermore, IP Learn's attempt to distinguish the *Gen-Probe* case also fails. IP Learn
25 distinguished *Gen-Probe* on the basis that the complaint in that case "was improper because it did
26 not adequately parse out the claims on a *defendant-by-defendant* basis." (Opp. at 4, fn 2)
27 (emphasis original). But this is only part of the *Gen-Probe* court's holding. IP Learn neglects to

28
DEFENDANT SKILLSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
Case No. C-02-02632 MJJ

4

FENWICK & WEST LLP
ATTORNEYS AT LAW
PALO ALTO

mention the *Gen-Probe* court's admonition that "[f]iling a patent infringement action pointing vaguely to "products and/or kits . . . does not provide adequate notice as required by the Rules." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996).

Accordingly, because IP Learn has failed to plead sufficient detail in support of its infringement claim, its complaint does not satisfy even the minimal pleading requirements of either Rule 8(a) or Form 16, and thus should be dismissed in its entirety.

### B. SkillSoft Requires A More Definite Statement To Meaningfully Respond.

As an alternative to its motion to dismiss, SkillSoft has asked this Court to order IP Learn to provide a more definite statement specifically identifying which SkillSoft Products infringe which claims of IP Learn's patents. IP Learn's vague and ambiguous allegation "inventions patented in" shifts to SkillSoft the burden – that properly belongs to IP Learn – of analyzing over 200 patent claims against the many SkillSoft Products in order to respond in good faith to IP Learn's complaint.

IP Learn opposes this request by arguing that because the Patent Local Rules require it to provide, at a later date, the information SkillSoft requests it is not required to plead this information or otherwise provide it to SkillSoft before SkillSoft answers the complaint. However, the fact that SkillSoft may be entitled to "flesh[] out during discovery"[3] this information neither ameliorates SkillSoft's present burden in meaningfully responding to IP Learn's complaint, nor excuses IP Learn's failure to comply with the most basic of pleading requirements.

Indeed, if IP Learn and other patent plaintiffs could avoid their pleading obligations merely by arguing that the Patent Local Rules or the discovery rules in the Federal Rules of Civil Procedure require disclosure of certain facts later in a case, defendants would be forced, as SkillSoft would be in this case, to attempt to answer vague complaints which fail to comply with

---

[3] *See* Opp. at 1 ("details underlying [IP Learn's] allegations will be fleshed out during discovery").

DEFENDANT SKILLSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
Case No. C-02-02632 MJJ

5

1  Rule 8(a). Moreover, if this Court were to adopt IP Learn's reasoning, the Patent Local Rules
2  would effectively nullify Rule 8(a) and Rule 12(e) because later discovery would always cure any
3  pleading deficiencies. Neither the discovery provisions of this District's Patent Local Rules, nor
4  the discovery provisions of any other rule, contemplate this result. At the very least, SkillSoft is
5  entitled to know which SkillSoft Products allegedly infringe which claims of IP Learn's patents
6  *before* it answers the complaint.

7  The relief SkillSoft requests is like the relief granted in the *Pabst Licensing GmbH* case.
8  *In re Papst Licensing GmbH Licensing Litigation*, 2001 U.S. Dist. LEXIS 2255, *3-4 (E.D. La.
9  2001). In *Pabst*, the court granted IBM's motion for more definite statement finding that the
10 allegation "products that embody the elements of at least one claim" was insufficient in view of
11 the over 500 claims and numerous IBM products at issue and ordered the plaintiff to allege
12 specific IBM products. *Id*. at 2-4. IP Learn attempts to dismiss the *Papst* holding in a brief
13 footnote on the basis that the Eastern District of Louisiana does not have Patent Local Rules like
14 this Court which require detailed disclosures of asserted claims and infringement contentions.
15 But the discovery rules contained in the Federal Rules of Civil Procedure were applicable in the
16 *Pabst* case and all information which is automatically required to be disclosed under this Court's
17 local rules could have been obtained pursuant to those discovery rules. Thus, IP Learn cannot
18 avoid providing a more definite statement or the *Pabst* holding merely by pointing to the Patent
19 Local Rules as a panacea for its pleading deficiencies.

20 **III. Conclusion**

21 For the foregoing reasons, SkillSoft respectfully requests that the Court dismiss IP Learn's
22 first amended complaint in its entirety or, in the alternative, grant SkillSoft's motion for a more
23 definite statement and require IP Learn to specify which SkillSoft Products allegedly infringe
24 which claims of the patents-in-suit. At the very least, given that IP Learn's Disclosure of
25 Asserted Claims and Preliminary Infringement Contentions are due October 23, 2002, SkillSoft
26 respectfully requests that the Court extend SkillSoft's time to answer the complaint to a date
27 ///
28

DEFENDANT SKILLSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
Case No. C-02-02632 MJJ

6

FENWICK & WEST LLP
ATTORNEYS AT LAW
PALO ALTO

1  ///

2  sufficiently after this deadline to allow SkillSoft time to assess IP Learn's claims of infringement

3  and prepare an answer thereto.

4  Dated: August 27, 2002                FENWICK & WEST LLP

6                                         By:  s/Heather N. Mewes

7                                         Attorneys for Defendant
                                          SKILLSOFT CORPORATION

DEFENDANT SKILLSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
Case No. C-02-02632 MJJ

7